IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-458-GCM
(3:99-cr-154-GCM-1)

| | |
|---|---|
| CHARLES EMMANUEL BROWN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on an initial review of Petitioner's motion to vacate, set aside or correct sentence which he filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 motion will be dismissed as untimely.

## I. BACKGROUND

On July 6, 2000, Petitioner pled guilty in this district pursuant to a written plea agreement with the Government. The plea agreement provided, in pertinent part, that Petitioner would plead guilty to one count of conspiracy to commit bank robbery and armed bank robbery, in violation of 18 U.S.C. § 371 (Count One); and two counts of using a firearm during and in relation to a crime of violence and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c) and 2 (Counts Four and Seven). In return for his agreement to plead guilty, the Government agreed to dismiss the remaining twenty-one counts in his indictment. Petitioner was sentenced to a term of five-years of imprisonment on Count One; a seven-year term of imprisonment on Count Four, to run consecutively to the term in Count One; and a twenty-five year term of imprisonment on Count Seven to be served consecutively to the terms imposed in

1

Counts One and Four for a total term of thirty-seven years imprisonment. (3:99-cr-154, Doc. No. 97: Amended Judgment in a Criminal Case).[1] Petitioner filed an appeal to the United States Court of Appeals for the Fourth Circuit.

On appeal Petitioner's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending that there were no meritorious grounds for relief but questioned whether Petitioner's sentence was improper. Petitioner was notified of his right to file a supplemental brief but he failed to do so.

The Court found that Petitioner's guilty plea was knowingly and voluntarily entered after a proper Rule 11 hearing, and the Court rejected Petitioner's challenge to his sentence. Petitioner argued that he was improperly sentenced to consecutive terms for the firearm offenses under § 371 and § 924(c), and that the imposition of these sentences violated his rights under the Double Jeopardy Clause. In rejecting this argument, the Court noted that the crimes set forth in those statutory provisions charge "separate and distinct" crimes. United States v. Brown, 38 App'x 166, 168 (4th Cir. 2002) (unpublished) (internal citations omitted). Petitioner's judgment was affirmed and he did not seek review from the Supreme Court.

This § 2255 motion follows some twelve years after his conviction became final and his contentions will be addressed below.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner may be entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes

---

[1] The original judgment was amended to correct an error in the amount of restitution ordered.

that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

The Antiterrorism and Effective Death Penalty (AEDPA) of 1996, as amended, provides in relevant part that:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner did not petition the Supreme Court for a writ of certiorari, therefore Petitioner's judgment became final 90 days after the Fourth Circuit affirmed the judgment. See Clay v. United States, 537 U.S. 522, 532 (2003) (holding one-year time period begins when time for seeking certiorari following direct review expires). The Fourth Circuit filed its decision affirming Petitioner's criminal judgment on May 6, 2002, thus his judgment became final on or about August 5, 2002, and he must have filed his § 2255 petition by on or about August 5, 2003. However, Petitioner did not file his § 2255 petition until August 7, 2014 at the earliest. Accordingly, his § 2255 petition is filed approximately eleven years out-of-time.

3

A.   Section 2254(f)(4)

Petitioner contends that his petition is timely under § 2254(f)(4) because it was apparently filed within one year from the date he discovered "facts" to support his claims for relief. (3:14-cv-458, Doc. No. 1 at 3). Petitioner explains that "facts include court rulings and the legal consequences of known facts." (Id. at 4) (internal quotation marks omitted). The Court notes that Petitioner fails to reveal on what date he discovered the "facts" that could serve to render his § 2255 motion timely.

Petitioner raises a challenge to the voluntary and knowing nature of his guilty plea, but this argument can provide no relief because the Fourth Circuit expressly found that his guilty plea was knowing and voluntary.

> We find that both Defendants' guilty pleas were knowingly and voluntarily entered after thorough hearings pursuant Fed. R. Crim. P. 11, Brown and Dupont were properly advised of their rights, the offenses charged, and the maximum sentences for the offenses. The court also determined that there was an independent factual basis for each plea and that the pleas were not coerced or influenced by any promises.

Brown, 38 F. App'x at 167 (internal citations omitted).

This finding on direct appeal forecloses Petitioner's effort to challenge the knowing and voluntary nature of his guilty plea in this collateral proceeding as that question has been settled adversely to him on direct appeal. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (In a Section 2255 proceeding, a petitioner "will not be allowed to recast, under the guise of collateral attack, questions fully considered" and decided on direct appeal); United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (The law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court.").

By this same reasoning, this Court rejects Petitioner's contention that his counsel misled him regarding the charges or that he did not know that consecutive sentences were mandatory for the § 924(c) convictions because it is merely another challenge to the knowing and voluntary nature of his guilty plea. Petitioner mistakenly asserts that he only agreed to plead guilty to Count One (§ 371 conspiracy), and explains this position by arguing: "It wouldn't make any sense for Brown to plead to count one if the government was able to utilized [sic] each robbery in the conspiracy as individual predicate offenses." (3:14-cv-458, Doc. No. 1 at 7). Yet, in his plea agreement that is precisely what Petitioner agreed to do: plead guilty to Counts One, Four (§ 924(c) offense), and Seven (§ 924(c) offense). Moreover, Petitioner averred that this was his agreement while under oath during his Rule 11 hearing and he confirmed that he understood that the sentences upon conviction on Counts One, Four and Seven could be imposed consecutively to one another.

Next, Petitioner argues that this Court erred during his sentencing hearing by accepting his guilty plea without finding a sufficient factual basis to support the plea, and that he was not allowed to allocute before his sentence was imposed. (Id., at 4-7). First, this contention is incorrect. Second, Petitioner long ago abandoned this claim because he failed to raise this issue on direct appeal. Petitioner blankly challenges his appellate counsel's performance but he does not specifically contend that he was ineffective in failing to present the above arguments on direct appeal. Furthermore, Petitioner was notified by the Fourth Circuit, in light of the Anders brief, that he could file a supplemental brief in support of his appeal but he declined to do so. Brown, 38 F. App'x

5

at 167 ("Defendants were informed of their right to file pro se briefs, but have not done so.").[2]

Finally, Petitioner's contention that he cannot be convicted of the § 924(c) offenses because they are not predicate offenses is erroneous, and in any event, this argument is waived because it was not presented on direct appeal. See United States v. Frady, 456 U.S. 152, 164 (1982) ("[W]e have long and consistently affirmed that a collateral challenge may not do service for an appeal.") (internal citations omitted).

B.  Equitable Tolling

Petitioner argues in the alternative that his § 2255 motion should be considered timely based on his contention that he is entitled to equitable tolling. In order to be entitled to equitable tolling, a petitioner must demonstrate that they have been pursuing their rights diligently, and that some extraordinary circumstance impeded their ability to timely file a § 2255 motion. See Holland v. Florida, 560 U.S. 631, 649 (2010) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (internal quotation marks omitted).

Petitioner's claim for equitable tolling must fail as he has never offered a reasonable explanation as to why he did not present his claims through a habeas proceeding before the passage of some twelve years after his judgment became final. Petitioner's only perceivable effort to explain his delay is that he is ignorant of the law and this should excuse the untimely filing of his § 2255 motion. Ignorance of the law, however, does represent an extraordinary circumstance, at least on the record before this Court. See United State v. Sosa, 364 F.3d 507, 512 (2004) (rejecting ignorance of the law to support equitable tolling) (internal citations omitted)..

---

[2] A co-defendant's appeal was consolidated with Petitioner's case on appeal.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Petitioner's § 2255 motion is untimely and it will be dismissed with prejudice.

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion to vacate is **DISMISSED with prejudice** as untimely. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: October 21, 2014

Graham C. Mullen
United States District Judge